UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MICHAEL DEWAYNE PADGETT, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:19-cv-00033-GFVT |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| BIG SANDY REGIONAL DETENTION | ) **&** |
| CENTER, et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* plaintiff Michael Padgett has filed a complaint under 42 U.S.C. § 1983 alleging various violations of his civil rights. Padgett has been granted pauper status, and his complaint is now before the Court for an initial screening. Upon review, some of Padgett's claims will be dismissed for failure to state a claim,[1] but others require a response from the relevant defendants. The fate of each claim is as follows.

First, Claims One through Four of Padgett's complaint allege excessive force used by four Big Sandy Regional Detention Center ("BSRDC") employees in both their individual and official capacities. [R. 1 at 5-7.] The Court finds that a response is warranted for Padgett's excessive force claims against the four employees (Lieutenant Michael Copley, Lieutenant Josh Cole, Deputy Kenneth Swaffer, and Lieutenant James Workman) in their individual capacities.

---

[1] Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Padgett's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because Padgett is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). And, at this stage of the proceedings, the Court accepts Padgett's factual allegations as true and liberally construes Padgett's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

But Padgett's claims against the BSRDC employees in their official capacities are dismissed for failure to state a claim upon which relief may be granted.

Notwithstanding its label, an "official capacity" claim against a state officer is not a claim against the officer arising out of his or her conduct as an employee of the state but rather a claim directly against the employing state agency. Thus, Padgett's claims against the four employees in their official capacities are actually claims against BSRDC itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (explaining that "individuals sued in their official capacities stand in the shoes of the entity they represent"). That said, BSRDC is not a suable entity apart from the county that operates it. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [the plaintiff's] complaint."). The Court will thus construe those official capacity claims as claims against Johnson County, noting that Johnson County may only be held liable if Padgett's injuries were the result of an unconstitutional policy or custom of the county. *Id.*; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

While Padgett takes issue with the health of BSRDC as a facility, Padgett does not suggest that Johnson County had a policy of using excessive force against inmates or that some county policy or custom resulted in his alleged constitutional harm. [*See* R. 1 at 7.] Accordingly, the excessive force claims against BSRDC employees in their official capacities are properly dismissed.

Next, Claim Five of Padgett's complaint alleges failure to supervise against BSRDC as a facility. As already noted, a claim against BSRDC is actually a claim against the county instead of the detention center itself. And to succeed on a failure to supervise claim against the county, Padgett must show that (1) the county acted with deliberate indifference to the risk of excessive

2

force, and (2) the county's deliberate indifference was the moving force behind the constitutional violations. *See Amerson v. Waterford Township*, 562 F. App'x 484, 491-92 (6th Cir. 2014) (citing *Mize v. Tedford*, 375 F. App'x 497, 500 (6th Cir. 2010)). While Padgett's complaint might imply BSRDC administrator Pete Fitzpatrick acted with negligence, the complaint does not allege any wrongful action on the part of the county. Accordingly, municipal liability will not lie.

Finally, in Claim Six of the complaint, Padgett sues the Johnson County Sheriff's Department for its failure to properly instruct and train BSRDC deputies. [R. 1 at 5-8.] Like with the claims against BSRDC and the employees in their official capacities, this claim is more accurately described as a claim against Johnson County itself. *See Matthews*, 35 F.3d at 1049. According to the Sixth Circuit Court of Appeals:

> The County is liable under § 1983 for failure to train if the Plaintiff can prove three elements: (1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the [County]'s deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury.

*Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008) (internal quotation marks and citations omitted). Padgett claims that BSRDC employees "have not had proper training when dealing with inmates" and that the alleged excessive force incidents would not have occurred but for better training from the Johnson County Sheriff's Department. [R. 1 at 8.] But noticeably absent from the complaint's failure to train allegations is a claim that the inadequate training was the result of Johnson County's deliberate indifference. [*See id.*]

"Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ("We hold

3

that municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives . . ."). Padgett's allegations might imply negligence in training, but that does not amount to an actual constitutional violation. Thus, Claim Six will also be dismissed.

In conclusion, Claims One through Four of Padgett's complaint survive the Court's preliminary screening to the extent those claims allege the use of excessive force against four BSRDC employees in their individual capacities. Because Padgett is proceeding *in forma pauperis*, the United States Marshals Service will serve the summons and complaint on those individuals on Padgett's behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, Padgett's remaining allegations fail to state a claim upon which relief may be granted and thus are properly dismissed under 28 U.S.C. § 1915(e)(2).

Accordingly, the Court hereby **ORDERS** as follows:

1. The allegations in Claims One through Four against Defendants Lieutenant Michael Copley, Lieutenant Josh Cole, Deputy Kenneth Swaffer, and Lieutenant James Workman in their individual capacities survive the Court's 28 U.S.C. § 1915(e)(2) screening and may **PROCEED** as set forth below;

2. The allegations in Claims One through Four against the Defendants in their official capacities are **DISMISSED**;

3. Claims Five and Six are **DISMISSED**;

4. A Deputy Clerk shall prepare four "Service Packets" for service upon Lieutenant Michael Copley, Lieutenant Josh Cole, Deputy Kenneth Swaffer, and Lieutenant James Workman. The Service Packets shall include:

   a. a completed summons form;

      b. the complaint;

      c. the order granting Padgett pauper status;

      d. a copy of this order; and

      e. a completed USM Form 285;

5. The Deputy Clerk shall send the Service Packets to the United States Marshals Service ("USMS") in Lexington, Kentucky, and shall note the date of delivery in the docket;

6. The USMS shall personally serve the Service Packets upon the Defendants at the Big Sandy Regional Detention Center, 904 3rd Street, Paintsville, Kentucky, 41240, through arrangement with the Big Sandy Regional Detention Center;

7. Padgett must immediately advise the Clerk's Office of any change to his current mailing address. Failure to do so may result in dismissal of this case; and

8. If Padgett wishes to seek further relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Padgett files must include a written certification that he has mailed a copy of it to the defendants or their counsel and must state the date of mailing. The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.

This the 6th day of May, 2019.

*signature*

Gregory F. Van Tatenhove
United States District Judge