UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

MICHAEL DEWAYNE PADGETT,           )
                                   )
       Plaintiff,                  )   No. 7:19-CV-33-GFVT-HAI
                                   )
v.                                 )
                                   )   RECOMMENDED DISPOSITION
BIG SANDY REGIONAL DETENTION       )
CENTER, *et al.*,                  )
                                   )
       Defendants.                 )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In July 2019, Judge Van Tatenhove referred this matter to the undersigned to prepare proposed findings of fact and recommendations on any dispositive motions. D.E. 30 at 2. Previously, Judge Van Tatenhove screened Plaintiff's complaint under 18 U.S.C. § 1915(e), leaving four live claims involving four defendants. D.E. 9. The Court entered a scheduling order with a discovery deadline of November 12, 2019, and a dispositive motions deadline of December 12, 2019. D.E. 32. However, on October 11, 2019, Defendants filed two dispositive motions: a motion to dismiss for failure to prosecute under Federal Rule of Civil 41(b) (D.E. 34)[1] and a motion for summary judgment on the basis that Defendants' requests for admission should be deemed admitted under Rule 36(a)(3) (D.E. 35). The Court noted that the discovery and dispositive motions deadlines had not expired, but ordered *pro se* Plaintiff Michael Dewayne Padgett to respond to the motions by November 1, 2019, "under the standard practices described in the Joint Local Rules." D.E. 36. Plaintiff was specifically warned in light of Joint Local Civil

---

[1] This motion is erroneously styled as a motion for summary judgment. *See* D.E. 34 at 1.

Rule 7.1(c)[2] that "**[a] failure to respond may result in granting the motions and entry of judgment in Defendants' favor.**" *Id*. Plaintiff filed a request for appointment of counsel (D.E. 37), which was denied (D.E. 40). But he filed no response to the dispositive motions.

## I. Requests for Admissions

Federal Rule of Civil Procedure 36 governs requests for admissions:

> Rule 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). By operation of law, "[a] matter *is admitted unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3) (emphasis added). Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

*Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017).

As noted, Defendants served requests for admissions in July 2019. D.E. 33. They state in their motion for summary judgment that no responses to these requests have been received. D.E. 35 at 3. By never responding to Defendants' requests for admissions or filing a motion for relief, Plaintiff has admitted and conclusively established as fact all statements within the requests for admissions. *Goodson*, 688 F. App'x at 375; *see also Scheffler v. Lee*, 752 F. App'x 239, 246 n.2 (6th Cir. 2018). It is therefore appropriate that Defendants' motion (that their requests for admissions be deemed admitted) be granted under Rule 36(a)(3).

## II. Summary Judgment

The Court has found that Defendants' requests for admissions should be deemed admitted under Rule 36(a)(3). If the admissions are accepted as true, they establish that

---

[2] "Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." Joint Local Civil Rule 7.1(c).

Plaintiff's constitutional rights were not violated by Defendants. *See* D.E. 35 at 3-5 (quoting the requests for admissions). For example, for each claim and each Defendant, Plaintiff has admitted there was no use of excessive force, all prison policies were properly followed, and Plaintiff has "no facts or evidence" to support the claims. *Id*.

These admitted facts are now "conclusively established." And they compel a finding that there is no genuine dispute as to any material fact in this case and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Kand Med., Inc. v. Freund Med. Prods., Inc.*, 963 F.2d 125, 127 (6th Cir. 1992).

To warrant summary judgment, the moving party does not need his own evidence, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and discovery which demonstrates that a factual question remains for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Here, in relation to each of his four claims, Plaintiff admits that he possesses "no facts or evidence to support [his] claims." D.E. 34 at 3-5. Granted, this is an extremely broad admission. But Plaintiff has submitted no evidence to the Court (such as affidavits) to provide factual support for the claims in his Complaint.

"It appears well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive." *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966); *see also Cont'l Ref. Co., LLC v. Hartford*

3

*Steam Boiler Inspection & Ins. Co.*, No. 6:17-CV-74-REW-EBA, 2018 WL 4791057, at *6 (E.D. Ky. Oct. 4, 2018) (granting summary judgment when a party's Rule 36 admission "alone [was] conclusive and dispositive of the issue"); *Lattanzio v. Brunacini*, No. 5:16-CV-171-DCR, 2018 WL 3421825, at *3 (E.D. Ky. July 13, 2018) (granting summary judgment on the basis of requests for admissions untimely responded to); *Brown v. Stacy*, No. 6:16-CV-91-DLB-EBA, 2017 WL 8813480, at *9 (E.D. Ky. Dec. 5, 2017) ("As a simple fact of procedural law . . . a district court may grant summary judgment whenever and wherever such judgment is called for under Fed. R. Civ. P. 56, regardless of whether the established facts making such judgment appropriate arise under Fed. R. Civ. P. 36 admissions."), *report and recommendation adopted*, 2018 WL 672643 (E.D. Ky. Feb. 2, 2018). Rule 36 is no "paper tiger," and admissions that "constitute matters which are dispositive of [the] case" provide a basis for granting summary judgment. *Equal Employment Opportunity Comm'n v. Baby Prod. Co.*, 89 F.R.D. 129, 132 (E.D. Mich. 1981).

Such is the case here. Plaintiff's broad admissions completely undermine his civil rights claims, and he has not responded to the motion for summary judgment. Under these circumstances, and accepting the admissions as true, there is no genuine dispute as to any material fact on any of Plaintiff's four claims, and Defendants are entitled to judgment as a matter of law. As Plaintiff was warned (D.E. 36), his failure to respond to this motion has resulted in a recommendation that the motion for summary judgment be granted.

### III.  Motion to Dismiss

Defendants also move for dismissal under Rule 41(b). D.E. 34. Because Defendants are clearly entitled to judgment as a matter of law as discussed above, the undersigned recommends denying this motion as moot.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS**:

(1)   That Defendants' motion to dismiss as a sanction (D.E. 34) be **DENIED** as moot.

(2)   That Defendants' motion that requests for admissions be deemed admitted and for summary judgment (D.E. 35) be **GRANTED.**

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 14th day of November, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge