UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| MICHAEL DEWAYNE PADGETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 7:19-cv-00033-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| BIG SANDY REGIONAL DETENTION | ) | **ORDER** |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon the Report and Recommendation [R. 41] filed by United States Magistrate Judge Hanly A. Ingram, addressing the Motion for Summary Judgment and Motion to Dismiss filed by the Defendants. [R. 34; R. 35.] Plaintiff Michael Dewayne Padgett filed his *pro se* complaint in this matter on April 4, 2019. [R. 1.] Because Mr. Padgett is proceeding *pro se*, the Court referred this matter to Judge Ingram "to oversee discovery and all matters of pretrial management . . . including preparing proposed findings of fact and recommendations on any dispositive motions[.]" [R. 30 at 1–2.] Mr. Padgett has not responded to either of Defendants' motions.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for

granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

The Defendants served requests for admission on Mr. Padgett in July 2019. Pursuant to Rule 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Mr. Padgett never responded to the discovery request. Defendants contend that, by failing to respond, Mr. Padgett has admitted that there was no excessive use of force, all prison policies were properly followed, and he possesses "no facts or evidence to support [his] claims." [R. 41 at 3; R. 34 at 3–5.] Thus, Defendants has demonstrated there is an absence of a genuine dispute of material fact. Further, Mr. Padgett has never responded to the Defendants' Motion for Summary Judgment. By failing to respond, Mr. Padgett has also failed to meet his burden to identify "specific portions of the record upon which [he] seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

Judge Ingram concluded, and this Court agrees, that Mr. Padgett's admissions coupled with his failure to respond to the motion for summary judgment is grounds for granting the motion. Defendants carried their initial burden and identified an absence of dispute as to any material fact. Despite being warned that failing to respond could result in a recommendation that Defendant's motion for summary judgment be granted, Mr. Padgett has made no filings. [R. 36.] The Court therefore agrees with Judge Ingram's recommendation that the Defendants' Motion for Summary Judgement be GRANTED.

The Report and Recommendation notified parties of their appeal rights pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and directed parties to file any objections within fourteen (14) days of service of the Recommendation. [R. 41 at 5.] As of this

date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard. . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 41**] as to Defendants' Motion for Summary Judgment and Motion to Dismiss is **ADOPTED** as and for the Opinion of the Court;

2. Defendants' Motion for Summary Judgment **[R. 35]** is **GRANTED**;

3. Having ordered summary judgment in favor of the Defendants, the Defendants' Motion to Dismiss **[R. 34]** is **DENIED AS MOOT**; and

4. Judgment shall issue promptly.

This the 11th day of December, 2019.

Gregory F. Van Tatenhove
United States District Judge